United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 21, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-21037
Summary Calendar
_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

ELMO WAID,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:05-CR-231-1
--------------------

Before DeMOSS, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

     Following a jury trial, Elmo Waid was convicted of being a

felon in possession of a firearm, use of a firearm in relation to

a crime of violence and aiding and abetting, conspiracy to

interfere and interference with commerce by threats or violence.

Waid was sentenced to 147 months of imprisonment.

     In his sole issue on appeal, Waid argues that, because he

did not personally possess the firearm in question and because he

had no personal knowledge of that particular firearm, there was

insufficient evidence to support his conviction for being a felon

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in possession of a firearm.  Because Waid did not move for a judgment of acquittal in the trial court, we review this issue only to determine whether the record is devoid of evidence to support the conviction.  United States v. Herrera, 313 F.3d 882, 885 (5th Cir. 2002) (en banc).

That count of the indictment at issue cited both 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 2.  Section 2 states that "[w]hoever willfully causes an act to be done which if directly performed by him . . . would be an offense against the United States, is punishable as a principal."  § 2(b).  There was trial testimony that Waid instructed Gregory Holden, a codefendant, to obtain a firearm to be used in connection with a grocery store robbery they intended to carry out.  Holden actually acquired two firearms:  a sawed-off shotgun and a .38 caliber handgun.  Waid knew of the shotgun but was unaware of the .38 caliber handgun. It was the handgun that Holden actually used in the robbery attempt.  Because Holden possessed the firearms at Waid's instruction, Waid was a principal to the possession thereof. See § 2(b).

Because there is record evidence to support Waid's conviction for being a felon in possession of a firearm, his conviction is AFFIRMED.